HEALEY BAKER vs. LOVELL BAKER, JR.

In an action of trespass for taking and carrying away goods, the omission to state
the value of the goods, in the declaration, is matter of form only, and is cured by
pleading in chief as well as by verdict, and is not a ground of exception to the
admission of evidence to prove the value.

TRESPASS for taking and carrying away goods. At the trial in the court of common pleas, before *Washburn,* J. the plaintiff offered evidence of the value of the goods alleged, in the declaration, to have been taken by the defendant. To the admission of this evidence the defendant objected, because there was no averment in the declaration that the goods were of any value. But the judge admitted the evidence, and instructed the jury that they should assess damages to the value of the goods, as proved by the evidence. The jury returned a verdict for the plaintiff for $16·21 ; and the defendant alleged exceptions.

*G. Parker,* for the defendant. In trespass *de bonis asportatis,* the declaration must aver some value of the goods. 1 Chit. Pl. (6th Amer. ed.) 410. Gould Pl. 187. *Anon.* 2 Show. 147. Bac. Ab. Trespass, I. 2, cites *Usher* v. *Bushell,* 1 Sid. 39, and *Strode* v. *Hunt,* 2 Lev. 230. If no value is averred, none can be proved; for the *probata* must be conformable to the *allegata. Hope* v. *Commonwealth,* 9 Met. 134. If the evidence was admissible, the verdict has doubt less cured the defect.

*E. Clarke,* for the plaintiff. The omission to allege the value of the goods, in the declaration, is matter of form only, and is cured by the verdict. *Usher* v. *Bushell,* 1 Sid. 39. *Hawkins* v. *Johnson,* 3 Blackf. 46. 2 Johns. 421, *note.* In Steph. Pl. (1st ed.) 318, it is said that, with respect to value, it is not necessary that the proof should correspond with the averment ; and in Gould Pl. 187, it is said, that as the plaintiff is not obliged to state the true value, the rule requiring it to be stated at all is of no great practical use.

The omission is matter of special demurrer only ; and since

11 *

such demurrer is abolished by *St.* 1836, *c.* 273, § 3, matters of mere form cannot be permitted to defeat a plaintiff's action. See *Slack* v. *Lyon*, 9 Pick. 64.

SHAW, C. J. In trespass *de bonis asportatis*, an averment of the value of the articles carried away is not a material averment. The omission of it is a defect of form, which can be taken advantage of by special demurrer only. The defect is cured by pleading in chief and by the verdict. Com. Dig. Pleader, 3 M. 1, 8. *Newcomb* v. *Ramer*, 2 Johns. 421, *note. Usher* v. *Bushell*, 1 Sid. 39.

The case of *Hope* v. *Commonwealth*, 9 Met. 134, which was an indictment for larceny, where the value is material both to the jurisdiction and the judgment, bears no analogy to the present case. Proceedings in criminal cases are governed by different rules.

The defect of form in the declaration afforded no ground of exception to the admission of the evidence.

*Exceptions overruled.*